**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Manuel Jimenez,<br><br>                    Plaintiff,<br>      -v-<br><br>GLM Associates, Inc., and<br>585 East 137th Street LLC,<br><br>                    Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Manuel Jimenez ("Plaintiff," or "Jimenez"), by Abdul Hassan Law Group, PLLC, and his attorney, complaining of Defendants GLM Associates, Inc., and 585 East 137th Street LLC (collectively "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages, wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, 198, and compensation for not receiving notices and statements required by NYLL 195, and is also entitled to maximum

1

liquidated damages and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Manuel Jimenez ("Plaintiff" or "Jimenez") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. At all times relevant herein, Defendant GLM Associates, Inc. ("GLM") was a New York limited liability company.

9. At all times relevant herein, Defendant 585 East 137th Street LLC ("585 East") was a New York limited liability company.

10. At all times relevant herein, Defendants GLM and 585 East individually and/or jointly owned and/or operated the buildings in which Plaintiff worked including the building located at 15 East 199th Street, Bronx, NY 10458 in which Plaintiff worked and that Plaintiff maintained as well as Plaintiff's employment herein.

11. At all times relevant herein, Defendants GLM and 585 East individually and/or jointly, controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among

other employment functions and performed such employment functions as to Plaintiff.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership within New York State.

14. Upon information and belief and at all times relevant herein, Defendants owned and/or operated several buildings and employed about 35 or more employees within New York State.

15. At all times relevant herein, Defendants, individually, and/or jointly, employed Plaintiff as a handyman and porter and Plaintiff performed manual and physical work throughout his workday, including maintenance and repairs in Defendants' buildings – a multi-story building.

16. Upon information and belief, and at all times relevant herein, Plaintiff was individually and/or jointly, employed by Defendants from in or around December 2021 to on or about August 31, 2022.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his effective hourly rate was about $30.52[1] an hour.

18. At all times relevant herein, Plaintiff worked approximately 50-60 or more hours each week and likely more, 7 days a week, and Plaintiff was not paid any wages for his overtime hours

---

[1] Plaintiff was paid $21.875 an hour for 40 hours by check and he was also provided an apartment valued at $1,500 a month as part of his compensation – resulting in an effective hourly rate of about $30.52/hr. See i.e. 29 C.F.R. § 778.116 ("Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

(hours in excess of 40 in a week), for each week during his employment with Defendants – with the exception of about 2-4 weeks each year.

19. At all times relevant herein, in addition to the hours claims in paragraph 18 above, Plaintiff worked on-call for an additional 20-30 hours each week for which he was not paid any wages in violation of the FLSA and NYLL. See i.e. 29 CFR § 785.17; 29 CFR § 785.16(a), etc.

20. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 141, 142, are incorporated herein by reference.

21. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

22. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

23. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

24. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

25. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems. As required by Defendants, Plaintiff utilized cell phone and electronic messaging as an integral part of his job to communicate with Defendants and

tenants throughout his workday.

26. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

27. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendants and the tenants in their buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

29. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

31. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

32. "Plaintiff" as used in this complaint refers to the named Plaintiff.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33

above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

36. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually, and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206 and/or 207.

37. At all times relevant herein, Defendants, individually, and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

38. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

39. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142, 141 etc. (Unpaid Overtime)

40. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the

regulations and wage orders thereunder including 12 NYCRR § 142, 141.

42. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

43. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders including N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

### Relief Demanded

44. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

45. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

47. At all relevant times herein, Defendants, individually and/or jointly, violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid overtime wages, and wage deductions due as required under NY Labor Law § 190 et seq.

48. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully

failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

49. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

50. Plaintiff is entitled to recover from Defendants, individually, and/or jointly, his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

51. Declare Defendants, individually and/or jointly, (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, 141 and Article 6 of the NYLL – NYLL § 190 et Seq.

52. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

53. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest,

costs and attorneys' fees pursuant to NYLL § 663;

54. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

55. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

56. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
        **September 29, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____

By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*