UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MANUEL JIMINEZ,                            :
                                           :          22-CV-8301 (RWL)
                          Plaintiff,       :
                                           :              **ORDER**
            - against -                    :     **APPROVING SETTLEMENT**
                                           :       **AND DISMISSING CASE**
GLM ASSOCIATES, INC. and                   :
585 EAST 137TH STREET LLC,                 :
                                           :
                          Defendants.      :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law.  On January 26, 2023, the Court held a settlement conference via Microsoft Teams at which the parties and their attorneys agreed to all material terms of settlement and agreed to those terms on the record.  The terms of the settlement (the "Settlement Agreement") are as follows:

1. Defendants will pay Plaintiff a total of $27,000 in four installments, with the first installment of $10,000 being due within 30 days of approval of the Settlement Agreement; $4,000 due within 60 days of approval of the Settlement Agreement; $4,000 due within 90 days of approval of the Settlement Agreement; and $9,000 due within 5 days of Plaintiff vacating the apartment he currently occupies in Defendants' building ("the Apartment").

2.  Plaintiff shall vacate the Apartment no later than May 1, 2023.

3.  Defendants make no admission of liability.

4.  Plaintiff releases Defendants from all wage-and-hour claims and all claims concerning Plaintiff's occupation of the Apartment, whether known or unknown, up to the time of approval of the Settlement Agreement.

5.  The case will be dismissed with prejudice.

6.  The Court will retain jurisdiction for purposes of enforcing the agreement.

Of the total settlement amount, one-third shall be paid to Plaintiff's attorneys as a reasonable attorney's fees, and $552 shall be paid as reimbursement of costs.

Since the settlement conference, Defendants have attempted to add a number of additional provisions that were not included in the Settlement Agreement.  Having already agreed to all material terms at the settlement conference, Defendants are not entitled to now renegotiate the Settlement Agreement.

The Court mediated the dispute at the settlement conference, and has reviewed the fairness letter submitted by Plaintiff (Dkt. 33). The Court finds that the Settlement Agreement is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  The Court has taken into account, without limitation, prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of attorney's fees; and the possibility of fraud or collusion.

This case, having resolved by settlement, is hereby dismissed and discontinued in its entirety, with prejudice, without costs or fees to any party, except as provided for in the parties' Settlement Agreement.  The Clerk of Court is respectfully requested to terminate all motions and deadlines, and close this case.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2023
       New York, New York

Copies transmitted to all counsel of record.